IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JEFFREY LEE VASOLD, JR.                                                          PLAINTIFF

v.                                        Civil No. 4:23-cv-04056-SOH-CDC


WALMART SUPERCENTER;
OLVER A. OSVALDO; TERRY TUBBS; and
STEPHANIE NESSLING                                                              DEFENDANTS

## ORDER

Currently before the Court is Defendant Osvaldo's Motion for Protective Order.  (ECF No. 26).  Plaintiff did not respond to this Motion.

On August 22, 2023, the Court entered an Initial Scheduling Order in this matter.  (ECF No. 23).  This Scheduling Order directed Defendant Osvaldo to produce initial disclosures to Plaintiff by October 6, 2023.  As Plaintiff is a *pro se* plaintiff with a claim relating to his detainment and arrest, the initial disclosures ordered include: "a copy of all incident reports documenting incidents referenced in Plaintiff's complaint, including any color photographs, and video footage of the same . . .[and] a copy of all medical requests, grievances, and photographs in Plaintiff's file, as well as any written policies, which relate to the facts recited in Plaintiff's complaint." (ECF No. 23, p. 1).  The Initial Scheduling Order then outlines the discovery timeline in this matter and provides a December 20, 2023 discovery deadline.  *Id*. at 2.

Defendant Osvaldo filed the instant Motion for Protective Order on October 6, 2023, which is the initial disclosure deadline.  (ECF No. 26).  Given the nature of the requests made in the Motion and the fact it was filed on the initial-disclosure deadline, the Court infers the fact that

1

Defendant Osvaldo has not yet produced to Plaintiff the Court-ordered initial disclosures.[1]  In his Motion, Defendant Osvaldo argues he anticipates the parties will be required to provide documents and other information that is "confidential, personal, and proprietary in nature."  Accordingly, Osvaldo submits a fourteen (14) page proposed Protective Order to be entered by the Court.  *Id*. This is not a joint motion, nor is the proposed Protective Order stipulated to by Plaintiff. Furthermore, Defendant Osvaldo does not provide the Court with any indication that he attempted to communicate with Plaintiff regarding this proposed Protective Order prior to presenting it to the Court.

Protective Orders are addressed in Rule 26 of the Federal Rules of Civil Procedure.  Rule 26 states in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ..  *The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.*  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added).

As stated above, Defendant Osvaldo failed to attach any certification indicating he first communicated with Plaintiff in a good faith effort to resolve the issues he presents.  Accordingly, pursuant to Rule 26(c)(1), the Court must deny his Motion.  Fed. R. Civ. P. 26(c)(1); s*ee also Robinson v. Potter*, 453 F.3d 990. 995 (8th Cir. 2006) (explaining a district court has discretion to deny discovery motions based on the parties' failure to meet and confer in good faith prior to involving the Court).

---

[1]  The Motion is silent to this fact and request no relief from such disclosures.

Furthermore, the Court will not grant a blanket protective order to address potential or anticipated discovery issues. The Eighth Circuit has explained:

> [Rule 26(c)] requires that 'good cause' be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.

*General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973). Here, Defendant Osvaldo has failed to present any particular and specific demonstration of discovery documents implicating confidentiality or proprietary information. Instead, he only anticipates Plaintiff will make such requests. This is insufficient to warrant the issuance of a protective order at this time. Moreover, Defendant Osvaldo did not specifically identify any of the Court-ordered initial disclosures which warrant the issuance of his proposed Protective Order. Finally, the Court will not approve any provisions for "Attorneys Eyes Only" in this pro se litigation.

Accordingly, Defendant Osvaldo's Motion for Protective Order is hereby **DENIED** and Defendant Osvaldo is ORDERED to produce all applicable initial disclosures ordered in the Court's Initial Scheduling Order. Should Defendant Osvaldo receive discovery requests for confidential or proprietary information, he may reassert his motion specific to those requests after conducting a good faith attempt to first resolve the issue with Plaintiff.

IT IS SO ORDERED this 7th day of November 2023.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3