IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JEFFREY LEE VASOLD, JR.                                                    PLAINTIFF

v.                                    Case No. 4:23-cv-4056

WALMART SUPERCENTER;
OLVER A. OSVALDO; TERRY TUBBS;
and STEPHANIE NESSLING                                                    DEFENDANTS

**<u>ORDER</u>**

Currently before the Court is Plaintiff Jeffrey Lee Vasold, Jr.'s failure to comply with

Orders of the Court and to prosecute this matter.  Plaintiff submitted this 42 U.S.C. § 1983 action

*pro se*, on May 23, 2023.  ECF No. 1.  Plaintiff submitted an Application to proceed *in forma*

*pauperis* ("IFP") with his Complaint.  ECF No. 2.  On June 6, 2023, the Court provisionally filed

Plaintiff's Complaint and ordered Plaintiff to file an Amended Complaint.  ECF No. 3.  The Court

also granted Plaintiff's IFP Application.  *Id*.  That Order stated:

> Plaintiff is advised that he is required to immediately inform the Court of any
> change of address.  If the Plaintiff is transferred to another jail or prison or released,
> he shall have 30 days from the date of transfer or release in which to notify the
> Court of the new address.

*Id.*  Plaintiff filed his Amended Complaint on June 9, 2023.  ECF No. 10.

On December 21, 2023, the Court entered an Order directing Plaintiff to respond to

Defendant's Motion for Protective Order.  ECF No. 29.  Plaintiff's response was due January 11,

2024.  *Id*.  This Order was mailed to Plaintiff at his address of record in the Miller County Detention

Center, but it was returned as undeliverable mail on January 3, 2024.  ECF No. 30.  Pursuant to

the Court's June 6, 2023, Order, the Court provided Plaintiff with thirty (30) days to update his

address of record with the Court and provide a new address by February 2, 2024.  ECF No. 30.  To

date Plaintiff has not provided the Court with his current address nor has he communicated with the Court in anyway since August 28, 2023.  ECF No. 24.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders to keep his address of record current.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's Amended Complaint (ECF No. 10) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge